Kim Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LUIS QUILES

     Plaintiff,

  -against-

THE CITY OF NEW YORK,
POLICE OFFICER STEVEN STILLER (Shield #1072)
and P.O.s "JOHN DOE" #1-5 (said names being
fictitious, as the true names are presently unknown),
Individually and in their Official Capacities.

     Defendants.

-----------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

12 CV 6900

Plaintiff Luis Quiles ("Plaintiff"), represented by his attorney, Kim E. Richman,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

   1.  Plaintiff brings this action for compensatory damages, punitive damages,

and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of

defendants Police Officer Steven Stiller and P.O.s "John Doe" #1-5 (said names being

fictitious, as the true names are presently unknown), as Officers of the New York City

Police Department, all acting under color of state law and pursuant to their authority, and

The City Of New York (collectively, "Defendants") in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      At all times relevant hereto, Plaintiff Luis Quiles was and is a resident of Staten Island, New York.

8.      At all times relevant hereto, Defendant the City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department (hereinafter, "NYPD"), which employs the other named Defendants.

9.      At all times relevant to this action, Defendants Police Officer Steven Stiller (Shield #1072) and P.O.s "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the NYPD and acting under color of state law.

10.     At all times relevant hereto and in all their actions described herein, said police officer Defendants were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11.     NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12.     On or about February 11, 2010, at approximately 3:40 PM on the corner of Baruch and Houston St. in the County and State of New York, Plaintiff Luis Quiles, Roberto De Jesus, and Luis Jimenez were pulled over and subjected to the search of their persons and vehicle by the NYPD while driving home. As described in more detail below, Plaintiff was ultimately arrested for possession of a pocket knife.

3

13.    Immediately after pulling over the car in which Plaintiff was riding, Defendant Officer Steven Stiller ordered Plaintiff and the other passengers out of the car to conduct a search in full view of motorists who were streaming by onto the on-ramp for the FDR Drive. Plaintiff told the officer that he had a pocket knife in his right pocket but was nonetheless patted down. At that point a second police car arrived.

14.    Following the body search of each of the three passengers, Defendant Officer Steven Stiller began a thorough search of the entire passenger area of the vehicle. No contraband was found. Defendant Stiller then began a second body-search of each of the passengers. Again, no contraband was found, but Defendant Stiller confiscated Plaintiff's knife, which Defendant Stiller falsely claimed was a "gravity knife" despite its inability to be opened by the force of gravity or inertia in a centripetal motion such as flicking of the wrist.

15.    After confiscating the knife, Defendant Officer Steven Stiller arrested Plaintiff. Mr. De Jesus was instructed by Defendant officers to drive the vehicle home along with Mr. Jimenez.

16.    Plaintiff, Mr. De Jesus, and Mr. Jimenez cooperated with Defendant officers, and Plaintiff did not resist arrest at any point.

17.    Plaintiff was taken to the 7th precinct NYPD police station and charged with criminal possession of a weapon in the third degree (PL 265.02).

18.    On or about February 12, 2010, Plaintiff was arraigned before the Honorable Judge Robert Solz. Plaintiff was released on his own recognizance.

19.    On July 5, 2011, Plaintiff was exonerated of all charges, which were all officially dismissed and sealed before the Honorable Frank P. Nervo in the New York City Criminal Court, New York County.

20.    As a result of the false claims against Plaintiff, he spent approximately twenty-four (24) hours in custody.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

21.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

22.    All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

23.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

24.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

25.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said police department.

26.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

27.    By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

28.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

29.    All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to conduct multiple unreasonable searches of the Plaintiff's person and property in public and to falsely charge Quiles with crimes and testify falsely, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

30.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

6

31.    As a result of Defendants' aforementioned conduct, Plaintiff was subject

to an illegal, improper, and false arrest by Defendants and taken into custody and caused

to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by Defendants

in criminal proceedings, without any probable cause, privilege, or consent.

32.    As a result of the foregoing, Plaintiff's liberty was restricted for an

extended period of time, and he was put in fear for his safety and subjected to

handcuffing and other physical restraints, without probable cause.

33.    As a result of the search and false arrest, Plaintiff was subjected to

humiliation, ridicule, and disgrace before his family, community, and peers.  Plaintiff was

discredited in the minds of many members of his community.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

34.    Plaintiff repeats, reiterates, and re-alleges each and every allegation

contained in the paragraphs above with the same force and effect as if fully set forth

herein.

35.    Defendants were directly and actively involved in the initiation of criminal

proceedings against Plaintiff.

36.    Defendants lacked probable cause to initiate criminal proceedings against

Plaintiff.

37.    Defendants acted with malice in initiating criminal proceedings against

Plaintiff.

38.    Defendants were directly and actively involved in the continuation of

criminal proceedings against Plaintiff.

7

39.     Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

40.     Defendants acted with malice in continuing criminal proceedings against Plaintiff.

41.     The criminal proceedings against Plaintiff were terminated in his favor on July 5, 2011.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

43.     Defendants issued legal process to place Plaintiff under arrest.

44.     Defendants arrested Plaintiff to obtain a collateral objective outside the legitimate ends of the legal process.

45.     Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

46.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

47.     The acts complained of were committed by Defendant Police Officer Steven Stiller and Defendant P.O.s "John Doe" #1-5 (said names being fictitious, as the

8

true names are presently unknown) in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

48.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

49.    The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

50.    The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

51.    The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

52.    The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

53.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

54.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

9

55.    Defendant NYC, as municipal policymaker in the training and supervision of Defendant Police Officers, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from the use of excessive and unreasonable force in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

56.    All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.  To be free from unreasonable search and seizure;

        b.  Not to be deprived of liberty without due process of law;

        c.  To be free from seizure and arrest not based upon probable cause;

        d.  To be free from unlawful imprisonment;

        e.  To be free from unwarranted and malicious criminal prosecution;

        f.  To be free from infliction of emotional distress;

        g.  Not to have cruel and unusual punishment imposed upon him; and

        h.  To receive equal protection under the law.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION

($1,000,000.00) DOLLARS;

2.  Punitive damages in the amount of ONE MILLION ($1,000,000.00)

DOLLARS;

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
          September 10, 2012

                              Respectfully submitted,


                              _____
                              Kim Richman, Esq.
                              REESE RICHMAN LLP
                              875 Avenue of the Americas, 18th Floor
                              New York, NY 10001
                              krichman@reeserichman.com
                              212-643-0500 (telephone)
                              212-253-4272 (facsimile)

                              *Attorney for Plaintiff*